**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

vs.

**Case No. 4:93cr4028-WS/WCS**

**EZELL COLLINS,**

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION TO DISMISS § 3585(b) MOTION

    This cause is before the court on Defendant's motion for sentence credit, filed pursuant to 18 U.S.C. § 3582(b)(2).  Doc. 877.  Defendant alleges that he was transferred from state to federal custody on or about September 25, 1993, and remained in federal custody until December 19, 1994, awaiting sentencing.  He alleges that he was then returned to state custody to finish his state sentence.  Defendant claims error in failing to award credit for his time in jail or detention, as credit was granted to his co-defendant.  For relief, Defendant asks to grant "whatever credit [he] deserves . . . ."  Doc. 877, p. 2.

Section 3585(b) provides for credit, for time spent in official detention before the federal sentence commences, "that has not been credited against another sentence." As explained by the Eleventh Circuit,

> In construing 18 U.S.C. § 3585(b), the Supreme Court has held that the Attorney General through the Bureau of Prisons, as opposed to the district courts, is authorized to compute sentence credit awards after sentencing. *United States v. Wilson*, 503 U.S. 329, 333-35, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992). As a result, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence."

United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (citation omitted). A 28 U.S.C. § 2241 petition seeking credit for time served is brought only after exhaustion of administrative remedies, and "[e]xhaustion of administrative remedies is jurisdictional." *Id.*, (citations omitted). *See also* Winck v. England, 327 F.3d 1296, 1300, n. 1 (11th Cir. 2003) (exhaustion is jurisdictional, collecting cases).

Once Defendant exhausts remedies, this is not the correct court to consider a § 2241 petition absent transfer to this district. Rumsfeld v. Padilla, 542 U.S. 426, ___, 124 S.Ct. 2711, 2722, 159 L.Ed.2d 513 (2004) (courts are limited by § 2241(a) to granting habeas relief "within their respective jurisdictions," and must have jurisdiction over the custodian; the traditional rule is that the writ is "issuable only in the district of confinement.") (citations omitted).

Defendant was not incarcerated in this district at the time the § 3585 motion was filed; he was incarcerated in Colorado. According to the Inmate Locator on the website for the Federal Bureau of Prisons, he has since been transferred to Beaumont, Texas. The clerk has been notified to update the docket with the new address. If Defendant is

Case No.: No. 4:93cr4028-WS/WCS

still held in Beaumont and wishes to file a habeas corpus petition following exhaustion of remedies, he should file his petition in the Eastern District of Texas.[1]  This court cannot grant him relief.

It is therefore respectfully **RECOMMENDED** that Defendant's 3585(b) motion, doc. 877, be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 5, 2006.

    S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] The address for the Clerk's Office, Beaumont Division, is 300 Willow Street, Suite 104, Beaumont, Texas, 77701.

Case No.: No. 4:93cr4028-WS/WCS